### CALHOUN v. DRAGON MOTOR CO.

(Circuit Court, E. D. Pennsylvania. January 29, 1909.)

#### No. 39.

1. RECEIVERS (§ 198*)—COMPENSATION.
   Where receivers' services were needed but for a few weeks, and they performed services which were not unusual in quantity or quality, their principal occupation being to sell the property of the corporation, which they did chiefly at public sale, which provided more than two-thirds of the funds for distribution, their compensation should be limited to 5 per cent. of the amount so received.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. § 392; Dec. Dig. § 198.*]

2. CORPORATIONS (§ 565*)—INSOLVENCY—CLAIM—PROOF.
   Evidence held insufficient to sustain a claim filed against an insolvent corporation.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2281; Dec. Dig. § 565.*]

3. CORPORATIONS (§ 561*)—INSOLVENCY—RECEIVERS.
   Where property in controversy was sold to a motor company, the insolvent, by an automobile company, a bankrupt, and the motor company was thereby clothed with the apparent title, the sale being under color of authority and not fraudulent in fact, the creditors of the motor company were in equity entitled to the proceeds of such assets rather than the receiver in bankruptcy of the automobile company.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2261; Dec. Dig. § 561.*]

In Equity. On exceptions to the report of an auditor.

George I. Merrill, Wm. M. Stewart, Jr., and Samuel M. Hyneman, for the motion.

Chester N. Farr, Jr., and Simpson & Brown, opposed.

J. B. McPHERSON, District Judge. The exceptions filed to the auditor's report, which distributes the fund in the hands of the receivers of the Dragon Motor Company, raise three questions:

(1) Whether the amount allowed to the receivers is excessive.

(2) Whether the claim of John C. Calhoun was properly proved.

(3) Whether the creditors of the Dragon Motor Company have

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an equity in the fund superior to the equity of the receivers of the Dragon Automobile Company.

1. I agree with the exceptant that the compensation awarded to the receivers of the motor company is too large. Their services were needed for a few weeks only, and they performed no duties that were unusual either in quantity or quality. Their principal occupation consisted in turning the personal property of the corporation into cash, and this was effected chiefly by a sale at public auction, which produced more than two-thirds of the fund for distribution. There is no hard and fast rule fixing a definite percentage as the proper compensation of a trustee; but in this jurisdiction at least custom has settled upon 5 per cent. as ordinarily a fair and reasonable allowance. To justify the award of a larger sum the reasons therefor should affirmatively appear, and I am constrained to say that in my opinion no such reasons were shown in the present case. The allowance to the receivers is therefore reduced to $750.

2. I also agree with the exceptant that the claim of John C. Calhoun was not properly proved. The auditor's finding that the claimant was entitled to an award of $1,100 is entitled to much respect, resting, as it does, almost wholly on the oral testimony of the claimant himself; but I cannot avoid differing from the auditor's conclusion because it appears clearly from the notes of testimony that the principal evidence in support of the claim is incompetent hearsay, to which timely objection was made. The testimony concerning the $500 note was specifically objected to as hearsay; and at the last meeting before the auditor notice was given by the exceptant that all claims were objected to except such as were legally proved. No one, I think, can read the 40 pages of testimony that were given by Mr. Calhoun without seeing clearly that he knew nothing about the purpose for which the money in dispute was needed, except what his son told him, and that he had no other source of knowledge concerning its actual application. The son, who had presumably a direct acquaintance with the subject, was not called as a witness, and his absence was not accounted for. Neither was any other person offered whose relation to the transactions evidenced by the two notes would permit him to testify directly about them. If the two sums making up the $1,100 were paid by checks, neither the checks nor the stubs were produced, although the stubs were called for. Neither was the claimant's book of account produced in which he testified that he had made charges against the motor company, although this book was also called for. In a word the supporting testimony was so feeble when it was not wholly incompetent, and there was such a palpable failure to offer more satisfactory evidence, which the claimant must have had the power to produce, that I feel bound to sustain the exceptant's objection, and to disallow the claim in full.

3. But I cannot assent to the exceptant's position in reference to the remaining objection. The auditor has treated the matter in dispute under this head so satisfactorily that I shall add little to what he has said in his report. I have read all the testimony with attention, and believe his conclusions of fact to be fully warranted. Upon these

facts I see no escape from the ruling that the creditors of the Dragon Motor Company have a claim in equity upon the fund produced by the sale of the company's assets superior to the claim of the receiver in bankruptcy of the Dragon Automobile Company. The property was sold to the motor company by the automobile company, and the motor company was thereby clothed with the apparent title. The sale was not fraudulent in fact. It may have been injudicious (especially in the light of later events), but it was certainly made under color of authority at least, and the subsequent bona fide creditors of the motor company were not bound, I think, to look beyond the visible situation. They saw the motor company in undisputed possession of the assets in question, exercising dominion over them without disturbance or attempted disturbance on the part of the automobile company, and, so far as appears, there was nothing to put the creditors on inquiry concerning the legal validity of the transaction by which the title passed from one company to the other.

The report of the auditor must be modified, so as to reduce the receivers' compensation by the sum of $500, and to disallow the award of $1,400 to John C. Calhoun. These two sums, aggregating $1,900, are to be added to the amount distributed to the receiver of the Dragon Automobile Company.

In other respects the report of the auditor is confirmed.